Chief Justice Bibb
delivered the Opinion of the Court.
The Auditor, on behalf of the Commonwealth, caused a motion to be made against Craig and sureties, in the General Court, for the penalty imposed by law on a clerk who shall fail to transmit to the Auditor of Public Accounts, an attested copy of the bond of the sheriff, for the collection and account of the taxes.
The clerk shewed for cause against the motion, that the sheriff of Whitley had failed to give bond as required by law; and the court gave judgment for the defendants in the motion, from which the Attorney General appealed.
It is not pretended that the judgment ought to have been given for the penalty; but it is argued that the clerk and his sureties ought to have been subjected to a judgment for costs of the motion, notwithstanding the cause shewn, for that the clerk ought to have certified the neglect of the sheriff, to the Auditor, so as to have saved the Auditor the costs of the notice &c.
The act (2 Dig. 1139,) prescribes the clerk’s duty in these words: “and the clerk of each court, where such bond shall be taken, shall transmit an attested copy thereof to the Auditor, on or before the first day of July in the same year; and any clerk failing herein, shall forfeit and pay the sum of three hundred dollars’, to be recovered on motion by the Auditor, in the same manner as is directed in other cases, where a clerk shall fail to perform the duties enjoined on him by this act.”
The act has required the clerk to transmit an attested copy of the sheriff’s bond, if such bond is taken; but it has not required of the clerk to -transmit or certify information that no such bond was *46 given. We cannot impose a penalty upon the cleric where the law has imposed none, nor subject hirft. to costs for failing to do that which the law has not required him to do. if the Auditor and the Commonweafth has been put to inconvenience and costs ill such cases, for notices of motions, because the Auditor is not informed of the fact that no bond has been executed and because the law in that behalf is defective it is the province of the legislature to provide the corrective, and not for the court. The statute has provided that the sheriff’s office shall be vacated by such failure to give bond, if farther provisions, as to informing the Auditor, are necessary and proper, the legislature, no doubt, will in clue time provide, as in their deliberations they shall think fit and appropriate.
Denny., attorney general, for Commonwealth; Mayes, for defendants.
Judgment affirmed..